IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                            **Case No. 11-40100-01-RDR**

ROBERT E. WAGER, JR.,

        Defendant.

## **O R D E R**

Defendant came before the court on May 9, 2012 for sentencing after his guilty plea to possession of a firearm by a prohibited person in violation of Title 18 U.S.C. § 922(g). This order is issued to record the court's ruling upon the sentencing issues in this case.

There were no objections to the presentence report. Defendant, however, filed a sentencing memorandum which asked for a sentence of five years probation. Such a sentence would constitute a downward variance from the guideline range in this case which was 37 to 46 months. After considering defendant's personal history and characteristics, the nature of the offense, defendant's criminal history and the factors the court must consider under 18 U.S.C. § 3553, the court decided to make a downward variance and sentence defendant to a three-year term of probation with a condition of 12 months of home confinement.

The court made this downward variance for the following reasons. First, the court was impressed by defendant's work history in recent years. Defendant appears to work hard and to be a trusted employee. He would lose this job if he was sent to prison, and the court believes it would be difficult for him to find equivalent employment after he was released. Defendant's work history distinguishes him from many other defendants in this court. Second, many people rely upon defendant for help and support and would be harmed if he were incarcerated. Third, the court has received a large number of letters that speak to defendant's non-violent character, his work ethic, and his value to his family and community. Fourth, while defendant's criminal history is extensive, it is by and large non-violent and the last ten years suggest overall progress. Defendant does not appear to be a substantial danger to the community. Fifth, defendant has taken further steps since his arrest to control his drug habit, and he appears to have performed well on pretrial release. Sixth, the condition of home confinement, as well as the other conditions of probation, will provide an element of punishment and deterrence.

Defendant needs to stay away from drugs and guns. The court believes these goals can be accomplished while defendant is on probation and that the other correctional goals of § 3553 can be furthered without a prison sentence. Therefore, the court's

sentence is sufficient, but not greater than necessary.

**IT IS SO ORDERED.**

Dated this 11th day of May, 2012 at Topeka, Kansas.

s/ Richard D. Rogers  
United States District Judge